UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-00094 |
| | ) | JUDGE CAMPBELL |
| MARCUS ALLEN CLARK | ) | |

ORDER

Pending before the Court is a letter from the Defendant (Docket No. 34) requesting a two-point reduction in his sentence. In making the request, the Defendant relies on the "bill that was recently passed," apparently referring to proposed Amendment 782 to the United States Sentencing Guidelines. The Government has filed a Response (Docket No. 36) opposing the Defendant's request.

Amendment 782 was promulgated and submitted to Congress by the United States Sentencing Commission on April 30, 2014, and will go into effect on November 1, 2014 unless Congress acts to modify or reject it. Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov. Amendment 782 "reduces by two the offense levels assigned in the Drug Quantity Table [U.S.S.G. § 2D1.1], resulting in lower guideline ranges for most drug trafficking offenses." *Id.* On July 18, 2014, the Commission voted to give retroactive effect to Amendment 782, but provided that offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.*

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177

L.Ed.2d 271 (2010).  A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, the Defendant was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count One), and with possessing crack cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (Count Two) (Docket No. 1). Through a Plea Agreement, the Defendant pled guilty to the firearm charge; the Government agreed to dismiss the drug trafficking charge; and the parties agreed to a sentence of 120 months of imprisonment. (Docket No. 25). At a subsequent sentencing hearing, the Court sentenced the Defendant to the agreed 120-month sentence, and dismissed the drug trafficking charge. (Docket Nos. 32, 33).

Because the Plea Agreement provided for dismissal of the drug charge, the Defendant's sentence was not based on the drug trafficking guideline, Section 2D1.1, which is the guideline

2

that was lowered and made retroactive by Amendment 782. Therefore, the Defendant's sentence was not based "on a sentencing range that has subsequently been lowered," and his request for a reduction based on Amendment 782 is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE